UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DAVID ACKERMAN,

               Plaintiff;

  -against-                                                 05 CV. 4603 (CM) (MDF)

LOCAL UNION 363, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS,

               Defendant.
------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

McMahon, J.:

Plaintiff David Ackerman, a member of Local Union 363 of the International Brotherhood of Electrical Workers, brings this action for damages, alleging that his Union negligently failed to supervise and enforce the terms of the collective bargaining agreement in force between Local Union 363 and Plaintiff's employer, Warde Electric. It seems that Warde Electric deducted sums from Plaintiff's wages that were supposed to be contributed to the Union's benefit plans ("the Funds"), but did not pay those monies into the Funds, as required by the CBA. Warde Electric is now in bankruptcy.

Defendant Local 363 moves to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on three grounds: (1) Plaintiff's claims are time-barred by the statute of limitations applicable to section 301 of the Labor Management Relations Act; (2)

Plaintiff fails to state a cause of action; and (3) Plaintiff's negligence claim is preempted by the Earned Retirement Income Security Act of 1974 (ERISA).

The complaint fails to state a cause of action against the Union, and is in any event time barred. I must, therefore, dismiss the complaint.

**Facts:**

The relevant facts, as alleged in the Complaint, are as follows:

On April 1, 2001, Warde signed a letter of assent agreeing to be bound by the terms of the Inside Principle Construction Agreement between Local Union 363 and the Hudson Valley Chapter of the National Electrical Contractors Association (the "CBA"). The CBA was to remain in force until terminated by the employer in writing.

Plaintiff was a member of Local Union 363 of the International Brotherhood of Electrical Workers ("Local Union 363" or "Union") and was employed by Warde Electric Contracting, Inc. ("Warde") in the year 2002-2003 (Cmplt. ¶ 8). The collective bargaining agreement remained in force during the time Plaintiff worked for Warde.

The CBA provided that Warde was to make contributions to various Local Union 363 Benefit and Fringe Benefit Funds ("Funds") on Plaintiff's behalf. CBA §6.02. Although the complaint alleges that the funds were to be "turned over to Local Union 363," an examination of the CBA reveals that the funds were to be transmitted to the Administrator of the Funds, not Local Union 363 itself. The Union is a distinct entity from the Funds.

Plaintiff alleges that these amounts were deducted from his salary pursuant to the CBA (Cmplt. ¶ 6-8), but were not transferred to the Funds.

On March 14, 2005, Plaintiff brought suit in the New York State Supreme Court against both Warde and Local Union 363. He sought $29,189.50 in damages; how he came up with that figure is not explained in the complaint.

On June 12, 2002, Warde Electric filed a Chapter 11 petition in the United States Bankruptcy Court for this district. Warde's Chapter 11 proceeding was converted to a Chapter 7 bankruptcy proceeding on December 24, 2003. The Funds have filed Proofs of Claim in that proceeding, which is still pending.

As a result of the bankruptcy filing, all proceedings against Warde are stayed, including this action. The Union, acting unilaterally, removed plaintiff's lawsuit against it to this court on May 11, 2005.

Plaintiff, alleging negligence on behalf of the Union, seeks to have the Union pay him the amount Warde failed to pay into the Funds. Cplt. ¶ 16-18. On October 31, 2005, Defendant moved to dismiss the complaint.

**Discussion**

I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." Frasier v. Gen. Elec. Co.,

930 F.2d 1004, 1007 (2d Cir. 1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the court must accept material allegations in a complaint as true, the court need not accept conclusory allegations. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

In considering a motion to dismiss, the court is limited to the contents of the complaint. However, "complaint" has been construed to include "the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Thus, documents and statements that are not attached to or quoted in the complaint itself, but that are incorporated by reference into the complaint and are essential to its allegations, may be considered on a motion to dismiss without converting the motion to a motion for summary judgment. Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (citations omitted). The classic examples of documents that may be considered on a motion to dismiss even though the plaintiff does not physically attach them to the complaint are the contracts that underlie the claims in suit -- such as, in this action, where plaintiff affirmatively pleads the existence and terms of a collective bargaining agreement, the agreement itself.

The court may also consider matters of which judicial notice may be taken, even if the corresponding documents are not attached to or incorporated by reference in the complaint. See Thomas v. Westchester County Health Care Corp., 232 F.Supp.2d 273, 275 (S.D.N.Y. 2002); Leonard F. v. Israel Disc. Bank of N.Y., 210 F.3d 99, 107 (2d Cir. 1999). In particular, a court

may take judicial notice of the fact that bankruptcy proceedings have been filed or that a proceeding has been converted from Chapter 11 to Chapter 7. See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., 146 F.3d 66, 70 (2d Cir. 1998); Lee v. Burkhart, 991 F.2d 1004, 1006 at n1 (2d Cir. 1993).

    II. <u>Plaintiff has failed to state a cause of action against Local Union 363.</u>

To the extent that anyone owes anybody else any money, it is Warde and not the Union who owes the money, and the Funds and not plaintiff who can recover that money. The Funds are pursuing their claim for the unpaid contributions against Warde in the Bankruptcy Court. That is where the claim belongs, and Warde and the Funds are the only proper parties to that proceeding. Plaintiff has no right to recover the unpaid contributions; he certainly cannot recover them from the Union.

Plaintiff's claim purports to sound in negligence. To plead a common law cause of action in negligence, "A successful plaintiff must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." Becker v. Schwartz, 46 N.Y.2d 401, 410 (N.Y. 1978). "In the absence of a duty, as a matter of law, no liability can ensue." McCarthy v. Olin Corp., 119 F.3d 148, 156 (2d Cir. 1997) (quoting Gonzalez v. Pius, 138 A.D.2d 453, 454 (2d Dep't 1988).

The instant complaint does not state a claim against the Union because the Union had no duty to police Warde's contributions to the Funds.

Every union owes its members a duty of fair representation. Unless the CBA so specifies, that is the only duty that a Union owes its members. "If an employee claims that a union owes

him a more far-reaching duty [than the duty of fair representation], he must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." United Steelworkers of Am. v. Rawson, 495 U.S. 362, 372-373 (1990), citing Republic Steel Corp. v. Maddox, 379 U.S. 650, 653 (1965).

Plaintiff asserts that the Union had a duty to look over Warde's shoulder in order to ensure that the employer made the required contributions to the benefit Funds, and to take "timely action" against Warde to compel it to make the contributions if it failed to do so voluntarily. Cmplt. ¶ 15. The CBA imposes no such duty on the Union. The CBA requires "the employer [to] furnish weekly reports to the Local Union 363 Office," (CBA §6.07) but does not impose on the Union the duty to bring action against the employer in the event that such reports are not forthcoming.[1] The only duty the Union had toward plaintiff and its other members was the duty of fair representation. And it is well settled that, "Mere negligence, even in the enforcement of a collective-bargaining agreement, [does not] state a claim for breach of the duty of fair representation." United Steelworkers, 495 U.S. at 372-73 (1990).

To the extent that anyone may have breached a fiduciary duty by failing to supervise Warde's behavior, it would be the Trustees of the Funds, not Local Union 363. The Funds are completely separate entities from the Union, and it is the Funds' Trustees who have a fiduciary duty to fund beneficiaries to ensure that the Funds are properly administered. CBA §§ 6.02, 6.04, 6.05. No claim whatever lies against the Union itself.

---

[1] There is no allegation in the complaint, and no suggestion in the record, that the employer failed to submit the weekly reports to the Union office. Warde could easily have reported that it was making contributions when it was not in fact doing so.

duty to fund beneficiaries to ensure that the Funds are properly administered. CBA §§ 6.02, 6.04, 6.05. No claim whatever lies against the Union itself.

III. Plaintiff's Claim Against the Union Is Time-Barred

Moreover, if a claim did lie against the Union for negligently failing to monitor Warde's record of non-contribution to the Funds, Ackerman's complaint would have to be dismissed as time-barred.

Although the statute of limitations for an action in negligence is ordinarily three years (CPLR § 214), Congress has imposed a special, short statute of limitations in cases where members sue their unions. These actions are governed by "the six-month statute of limitations provided by section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b) (1982). King v. New York Tel. Co., 785 F.2d 31, 33 (2d Cir. 1986), citing DelCostello v. Int'l B'hood of Teamsters, 462 U.S. 151, 169-71 (1982).

This action was brought in 2005. Warde allegedly failed to contribute to the Funds during the period 2002-03. Ackerman's claim is barred.

**Conclusion**

Defendant's motion to dismiss is granted. This constitutes the decision and order of this Court. The Clerk of the Court is directed to close this file.

Date: March 13, 2006

_____
U.S.D.J.

BY FAX TO ALL COUNSEL